Law Library

FILED
SUPERIOR COURT
OF GUAM

2012 SEP -6 PM 2: 17

CLERK OF COURT

BY:_____

**IN THE SUPERIOR COURT OF GUAM**

BRYAN HA,

　　　　　Plaintiff,

　　vs.

LED GUAM, INC. and DONG SIK JIN,

　　　　　Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**CIVIL CASE NO. CV0841-07**

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

This matter came before the HONORABLE VERNON P. PEREZ at trial. Attorney Curtis C. Van de veld represented Plaintiff, who was present. Neither Defendant appeared. Both Defendants are currently *pro se*. Previously, Defendants were represented by Attorney Mark Smith who withdrew since filing an answer to Plaintiff's verified complaint on the Defendants' behalf. Attempted notice was sent to the Defendants' last known address, but the Defendants have moved since the initiation of the case and left no location for purposes of service. The Defendants have failed to defend the civil action against them. The Court took evidence in order to determine the merits of Plaintiff's case before entering a judgment in his favor. The Court now issues the following Findings of Fact and Conclusions of Law.

**FINDINGS OF FACT**

By a preponderance of the evidence, the Court makes the following findings of fact:

1. Any finding of fact is also a conclusion of law. Any conclusion of law is also a finding of fact.

2. At all times herein relevant, Plaintiff Bryan Ha (hereinafter "Plaintiff") is and was, as alleged herein, a natural person of majority age with mental capacity to contract and a resident of Guam.

3. During the period of time for which Plaintiff seeks relief, Defendant LED Guam, Inc., (hereinafter "Defendant LED Guam") was and is an entity purporting to be incorporated in Guam and doing business on Guam.

*Bryan Ha v. Led Guam, Inc. and Dong Sik Jin,*
Findings of Fact and Conclusions of Law
Civil Case No. CV0841-07　　　　　　　- Page 1 of 5 -

4. During the time for which Plaintiff seeks relief, Defendant Dong Sik Jin (hereinafter "Defendant Jin") was and is, a citizen of Korea residing in Guam, the principal shareholder of Defendant LED Guam who has treated the corporation Defendant LED Guam as his alter ego and its entire assets alleged herein.

5. On or about May 8, 2007, Defendants entered into an agreement with Plaintiff titled "Asset Purchase Agreement" (hereinafter "Agreement One") under which Plaintiff was to acquire the entirety of the assets of Defendant LED Guam. *See* Exhibit 1.

6. Plaintiff paid Defendant Jin the sum of $15,000.00 at the time of execution of Agreement One.

7. Closing was to take place on May 25, 2007 pursuant to Section 5 of Agreement One. *Id.*

8. Prior to the date of closing, Plaintiff learned that Defendant LED Guam was six months behind in the payment of rent for the premises occupied by the Defendants. Said location was the principal offices and storage location of many of the assets described in Agreement One. *Id.*

9. In order to preserve the assets of Agreement One and mitigate damages, Plaintiff paid two months' rent for the premises to the landlord to prevent eviction.

10. On the date set for closing, Defendant Jin could not be found and failed to turn over the keys for access to the premises mentioned above.

11. On July 9, 2007 Plaintiff was able to locate Defendant Jin at a Harmon-Dededo Guam apartment belonging to Defendant Jin's girlfriend. Defendant Jin acknowledged that both Defendants had failed in their obligations of Agreement One.

12. On July 9, 2007 the Parties attempted to allow Defendants Jin and LED Guam to cure the breach. As a result, the Parties entered into an "Agreement of Assets Ownership Transfer" (hereinafter "Agreement Two"). *See* Exh. 2.

13. Under Agreement Two, Defendant LED Guam was to transfer 22 light emitting diode signs and all furniture belonging to Defendant LED Guam. In addition, the Parties assigned all rights to collect on signs previously sold by Defendant LED Guam.

*Bryan Ha v. Led Guam, Inc. and Dong Sik Jin,*
Findings of Fact and Conclusions of Law
Civil Case No. CV0841-07                    - Page 2 of 5 -

14. Despite the assignment of the right to collect, Defendant Jin still collected the amounts due for signs that were previously sold.

15. In further breach of Agreement Two, neither Defendant transferred possession of the 22 light emitting diode signs to Plaintiff nor the other assets provided in Agreement Two. *Id.*

16. The Parties' series of agreements envisioned that Plaintiff would be able to sell the assets for $90,000.00. *Id.*

## CONCLUSIONS OF LAW

17. This Court has jurisdiction over the causes of action raised in the verified complaint under 48 USC 1424-1, 7 GCA § 3105 and the Guam Code of Civil Procedure § 82 as amended by the civil code of Guam.

18. The notice requirement is inapplicable where a defendant fails to defend the case against him and notice was repeatedly attempted. *See Ringgold Corporation v. Worrall*, 880 F.2d 1138 (9th Cir. 1989). A court must take evidence where a party files responsive pleadings but thereafter fails to participate in the action and must base any judgment on credible evidence. This matter is akin to a default judgment under Rule 55(b)(2), but is distinguishable because the Defendants made an appearance when filing an answer and have failed to otherwise defend the case.

19. Guam law requires that parties entering into agreements with specific terms must perform under those terms. 18 GCA §§ 89101, 80101 and 80102. The terms of Agreement One and Two were sufficient to create contractual obligations on the Parties. Defendant Jin signed the documents and there is great evidence of contract formation. Once Plaintiff began to perform under the contract, which the Court finds that he did, the Defendants were obligated to perform. Without a showing that contractual revocation occurred through mutual assent, which the Court finds did not occur, the Defendants were not excused from full performance.

20. Defendant Jin treated the corporation LED Guam, Inc. as an informal business and willingly transferred all assets to Plaintiff.

*Bryan Ha v. Led Guam, Inc. and Dong Sik Jin,*
Findings of Fact and Conclusions of Law
Civil Case No. CV0841-07                    - Page 3 of 5 -

21. Obligations of a contract are fulfilled by full performance by one of the several persons or entities who are jointly liable under the contract. 18 GCA § 82101. Plaintiff began satisfaction of his contractual obligations in good faith as evidenced by his significant monetary payment to the Defendants.

22. The Defendants failed to perform under Agreement One or Two.

23. Plaintiff began satisfaction of his obligations under Agreement One by paying $15,000.00 to the Defendants and Plaintiff relied on Agreement One by paying an additional $7,000.00 out of pocket to preserve the assets of Agreement One and Agreement Two.

24. Agreement One also allows for the recovery of Attorney's fees and court costs in the event of a breach by either Party. Exh. 1, Item 13.

25. Every person entitled to damages is also entitled to interest. 20 GCA § 2110. A person, such as Plaintiff, who suffers detriment is entitled to recover from the unlawful act of omission of another with compensation from such other in money. *See* 20 GCA § 2101. Detriment is a loss or harm suffered in person or property. *See* GCA § 2102. The measure of damages for breach of contract is the amount which will compensate the party aggrieved for all detriment proximately caused by the breach and in the ordinary course of things, would likely result therefrom.[1] 20 GCA § 2201. Damages for breach of contract are equal to the amount, which will compensate for all the detriment proximately caused thereby, whether it could have been anticipated or not. *Id.* Furthermore, damages must be certain. 20 GCA § 2202.

26. Defendants represented to Plaintiff that Plaintiff would earn a continuing stream of income from the purchase of the assets for a time of 10 years. Exh. 1, Item 7. Defendant Jin also estimated that Plaintiff would have a monthly income of $8,000.00 to $10,000.00 and at least double the value of the assets being sold at $90,000.00.

---

[1] The Court would like to add emphasis to the following language: "in the ordinary course of things, would likely result therefrom".

*Bryan Ha v. Led Guam, Inc. and Dong Sik Jin,*
Findings of Fact and Conclusions of Law
Civil Case No. CV0841-07                     - Page 4 of 5 -

Within a year time period, the Parties also estimated that Plaintiff would earn $96,000.00 to $120,000.00. Due to the facts surrounding the formation of each contract, it is not clear to the Court that the Defendants intended to perform. Yet, the Court does not believe that the Defendants' actions amounted to fraud based on the facts before the Court. The Defendants appear to have at least temporally intended to satisfy their obligations under the contact. Thus, there being no fraud, the Court finds that the measure of damages is for breach of contract. Therefore, Plaintiff is entitled compensatory damages under 20 GCA § 2201. In addition, the Court finds that the damages for the Defendants' breach of contract are $30,000.00 plus other damages related to the breach.[2]

27. Reasonable attorney's fees and costs incurred for bringing the action amount to $22,000.00 according to the Court's expectations of what reasonable legal services should be.

## ORDER

28. The Court hereby finds Judgment in favor of the Plaintiff. The Defendants will be held liable for breach of contract in Agreement One and Agreement Two. The Court awards Plaintiff $30,000.00 in damages for Defendants' breach of contract, $7,000.00 for Plaintiff's expenses to preserve assets of the contractual agreements between the Parties and $22,000.00 in reasonable attorney's fees and costs. The total award is $59,000.00.

So ORDERED this 6ᵗʰ day of September, 2012.

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam

Dated at Hagåtña, Guam

SEP 0 6 2012
20____

Jacqueline S.C. Terlaje
Deputy Clerk, Superior Court of Guam

Original Signed By
HON. VERNON P. PEREZ
_____
HONORABLE VERNON P. PEREZ
JUDGE, SUPERIOR COURT OF GUAM

[2] $30,000.00 is a certain amount for damages under 20 GCA § 2202 because the Plaintiff paid the Defendants $15,000.00 and because he expected to double his investment fairly quickly. The Court is not convinced that any award greater than $30,000.00 could have been proximately caused by Defendants' breach when Plaintiff made a relatively small investment as his consideration for the contracts. The Court is unable to speculate as to the Parties' thoughts at time of contract formation, but to earn $90,000 to $120,000.00 within a year from a $15,000.00 investment seems unrealistic. There is no entitlement to interest for a breach of obligation arising from contract under 20 GCA § 2111. The Court finds that the valuation of damages is proper.

*Bryan Ha v. Led Guam, Inc. and Dong Sik Jin,*
Findings of Fact and Conclusions of Law
Civil Case No. CV0841-07                    - Page 5 of 5 -